UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: )
Matorius T. Ricks ) CASE NO. **13-82735-**JAC-13
)
SSN(S): XXX-XX-9264 ) CHAPTER 13
DEBTOR(S) )

**CONFIRMATION ORDER**

The debtor's plan was filed on **November 22, 2013**. The Court finds that the plan (or amended plan if applicable) meets the requirements of 11 U.S.C. § 1325.

**IT IS THEREFORE ORDERED THAT:** The debtor's Chapter 13 plan is confirmed, with the following provisions:

(1) **Plan Payments** – The debtor shall pay **in addition to $332.00, received by the Trustee, $186.00 MONTHLY FOR 58 MONTHS** to Linda B. Gore, the Chapter 13 Trustee. This is a **60** month **BASE** plan.

(2) **Claims** – To be paid in this case, a creditor must file a proper proof of claim with this Court. Proofs of claims filed prior to the date of this confirmation order will be paid as filed unless objected to prior to confirmation. Proofs of claims filed after the date of this confirmation order will be paid as filed unless an objection is filed. The Trustee shall pay the rate of interest stated on the face of a claim for each secured or unsecured claim unless an objection to that interest amount is sustained. The Trustee shall pay each secured claim filed as fully secured unless the claim provides a lower value, a motion to value has been granted or a stipulation has been filed. If the plan proposed to surrender collateral and a secured claim is filed for the debt, the Trustee shall pay the claim as secured unless an objection to the claim is sustained.

(3) **Attorney Fee** – The debtor's attorney is awarded a fee of **$1,668.00** OF WHICH **$45.00** HAS BEEN PAID.

(4) **Payments by the Trustee** – From the plan payments received, the trustee shall first pay any unpaid filing fees and administrative costs, except attorney fees. From the remaining balance, the required adequate protection payment(s) shall be paid at the earliest possible time, with the balance going toward paying attorney fees until paid in full. Regardless of what the plan states, adequate Protection payments by the Trustee are allowed only post-confirmation and they are calculated at 1% of the value of the collateral listed in the plan for all secured claims except mortgage arrears claims and 1% of the total claim amount due to domestic support obligation claimholders. When these costs have been paid, the trustee shall pay the properly filed secured claims, then the properly filed priority claims, then any properly filed claims being sub-classed. The remaining monies received by the trustee shall then be distributed pro rata to properly filed unsecured claims.

**Special Provisions:**
● LISTERHILL EMPLOYEES CREDIT UNION CLAIM # 5 SHALL BE PAID MONTHLY INSTALLMENTS OF $50.00 UNTIL SAID CLAIM IS PAID IN FULL.
● LISTERHILL EMPLOYEES CREDIT UNION CLAIM # 4 SHALL BE PAID MONTHLY INSTALLMENTS OF $123.00 UNTIL SAID CLAIM IS PAID IN FULL.
● CLAIMS DISTRIBUTION WILL BE SUBJECT TO MODIFICATION AFTER BAR DATE REVIEW.

(5) **Child Support and Alimony** – Debtor shall pay all current child support and/or alimony payments which become due during the life of this plan. All stays provided for by the Bankruptcy Court or orders of this Court which would prohibit the filing of a wage withholding order against the debtor to force payment of current child support or alimony are hereby vacated.

(6) **Property of the estate** – "[T]he plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *In re Telfair,* 216 F.3d 1333 (11th Cir. 2000)(quoting *In re Heath*, 115 F.3d at 524 (7th Cir. 1997)).

(7) **Dismissal or Conversion –** If this case is dismissed or converted, any monies received prior to the date of the notice of conversion or order of dismissal shall be distributed according to the confirmed plan.

Dated: November 26, 2013

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge